UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                  :
SUJAL BHARUCHA,                                                    :
                                                                  :
                               Plaintiff,                         :          24-CV-09367 (JAV)
                                                                  :
               -v-                                                :          ORDER
SIEBERT WILLIAMS SHANK & CO., LTD,                                :
                                                                  :
                                                                  :
                               Defendant.                         :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is Plaintiff Sujal Bharucha's motion to compel Defendant Seibert

Williams Shank & Co. to produce an investigative file (the "Investigation File") underlying a

memo regarding Defendant's termination of Plaintiff from their employment.  ECF No. 36.  The

memo memorialized and summarized the findings of the Investigation File and Defendant's

reasoning for terminating Plaintiff's employment.  ECF No. 36-2 (the "Memo").  The Memo was

produced pursuant to a stipulation wherein Defendant made a limited waiver of attorney-client

privilege.  ECF No. 41-1 at 2-4 (the "Stipulation").  Defendant continues to withhold the

Investigative File on the grounds that it is protected by the attorney-client privilege as well as the

work product doctrine, having been prepared by counsel and consisting of attorney

communications and mental impressions.  ECF No. 41 at 2-3.

Plaintiff argues that Defendant intends to use these underlying materials as part of their

defense, thus placing them at-issue in this action.  *Id.* at 3.  Defendant counters that the

stipulation under which the memo was produced forecloses any argument that production of the

memo places the underlying materials at-issue.  *Id.* at 3.  Defendant further refutes Plaintiff's

assertions that the Investigative File, or any legal advice contained therein, will be used in support of its defense. *Id.* at 3-4.

It is not contested that the Investigative File is privileged under the attorney-client privilege. The only question, then, is whether Defendant has waived privilege. The at-issue waiver requires an affirmative reliance on the privileged communications as an essential element of a claim or defense. *In re Cty of Erie,* 546 F.3d 222, 229 (2d Cir. 2008); *see also In re Grand Jury Proc.*, 219 F.3d 175, 182 (2d Cir. 2000) ("A party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party."). The actual substance of the legal advice must be placed "at issue," such that disclosure is necessary to fairly adjudicate that claim or defense. *Id.* This doctrine is designed to prevent "the type of unfairness to the adversary that results in litigation circumstances when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion." *Id.* at 229.

Defendant argues that, under the plain terms of the Stipulation, the production of the Memo does not operate to waive privilege. The Court agrees. But Plaintiff has not premised his waiver argument on the production of the Memo. Rather, he argues that Defendant has placed the Investigative File at issue by relying upon the results of the internal investigation as their defense to this action. ECF No. 36 at 3-4.

The central question in determining whether a party has placed privileged communications at issue is whether the adversary has been made worse off by having to defend against a claim without access to the pertinent privileged materials that might refute the claim. *Felder v. Warner Bros. Discovery,* 23-CV-8487(AT)(GS), 2025 WL 1718098 at *15 (S.D.N.Y.

June 20, 2025).  "A waiver may occur even if the asserting party does not make direct use of the privileged communication itself when that party avers material facts at issue related to the privileged communication, and where the validity of those facts can only be accurately determined through an examination of the undisclosed communication." *Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 228 (E.D.N.Y. 2019).

Defendant has put forth evidence the results of the internal investigation as its evidence of a legitimate, non-discriminatory motive for its decision to terminate Plaintiff.  Plaintiff challenges the internal investigation as a sham and a pretext, and contends that the attorneys who conducted the internal investigation are the same individuals to whom he complained regarding his accommodations, and who are alleged to have discriminated against him.  ECF No. 36 at 4. Defendant's litigation position directly places the internal investigation at issue.

That is not to say that the privilege necessarily has been waived with respect to all documents contained in the Litigation File.  In order to determine the scope of the waiver, the Court will conduct an *ex parte*, *in camera* review of the Investigative File.

### CONCLUSION

Defendant is **ORDERED** to submit an unredacted copy of the disputed Investigative File to the Court for *ex parte, in camera* review no later than **March 23, 2026.**

SO ORDERED.

Dated:  March 16, 2026
    New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3