UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SUJAL BHARUCHA,                                                         :
                                                                        :
                              Plaintiff,                                 :
                                                                        :            24-CV-09367 (JAV)
              -v-                                                        :
                                                                        :            ORDER
SIEBERT WILLIAMS SHANK & CO., LLC,                                      :
                                                                        :
                              Defendant.                                 :
                                                                        :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On February 12, 2026, Plaintiff Sujal Bharucha ("Plaintiff") filed a motion to compel Defendant Seibert Williams Shank ("Defendant") to produce a set of documents relating to the internal investigation of misconduct that led to Plaintiff's termination of employment (the "Investigation File").  The parties agreed that the documents in question were subject to the attorney-client privilege.  Defendant argued, however, that Plaintiff had waived the privilege through its affirmative reliance on the privileged communications as an essential element of a claim or defense.  *See In re Cty of Erie*, 546 F.3d 222, 229 (2d Cir. 2008).

The Court previously held, in its Order dated March 16, 2026, ECF No. 42 ("Order"), that Defendant has relied on the results of the internal investigation as its evidence of a legitimate, non-discriminatory motive for its decision to terminate Plaintiff.  In doing so, Defendant directly placed the internal investigation at issue.  Order at 3.  The Court ordered Defendant to submit for *ex parte* and *in camera* review unredacted copies of the Investigation File to determine the scope of the waiver.  *Id*.

The Court, having reviewed *ex parte* and *in camera* the Investigation File, GRANTS IN

PART AND DENIES IN PART the motion to compel.

As the Court held in the Order, the central question in determining whether a party has placed privileged communications at issue is whether the adversary has been made worse off by having to defend against a claim without access to the pertinent privileged materials that might refute the claim. *Felder v. Warner Bros. Discovery*, 23-CV-8487(AT)(GS), 2025 WL 1718098 at *15 (S.D.N.Y. June 20, 2025). "A waiver may occur even if the asserting party does not make direct use of the privileged communication itself when that party avers material facts at issue related to the privileged communication, and where the validity of those facts can only be accurately determined through an examination of the undisclosed communication." *Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.,* 331 F.R.D. 218, 228 (E.D.N.Y. 2019).

Defendant is relying on the facts developed during the internal investigation as its defense to Plaintiff's claims of discrimination. ECF No. 41 at 4. Fairness, then, requires disclosure of notes of witness interviews and the underlying evidentiary material gathered in the course of the internal investigation. *See, e.g., Felder,* 2025 WL 1718098 at *49-50; *Lecesse v. Sharestates, Inc.,* 24-CV-1060 (JHR) (SLC), 2025 WL 1380064 at *6 (S.D.N.Y. May 13, 2025). Plaintiff must have the ability to view those witness statements and memos in full, rather than through Defendant's "self-interested culling." *Felder,* 2025 WL 1718098 at *49. Accordingly, the Court hereby ORDERS production of the documents Bates-stamped SWS01581-SWS01716, SWS01834-SWS01901, SWS01905-SWS01907, SWS01913-SWS01916, and SWS002077-SWS02146.

Plaintiff's motion to compel is otherwise denied. Defendant is not relying on the legal advice and mental impressions contained within the Investigation File in support of its defenses. After conducting a review of the investigatory materials, the Court concludes that Defendant is

not made worse off by not having access to such things as drafts of memoranda or the internal communications between counsel.

Accordingly, Plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART.  The Clerk of Court is directed to terminate ECF No. 35.

SO ORDERED.

Dated: April 13, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3