UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                     :

SUJAL BHARUCHA,                         :

                              :

                Plaintiff,         :              24-CV-09367 (JAV)

                              :

        -v-                     :              <u>ORDER</u>
SIEBERT WILLIAMS SHANK & CO., LTD,     :

                              :

                              :

                Defendant.      :
-----------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       Before the Court is Plaintiff Sujal Bharucha's motion to seal an exhibit to its motion to compel. ECF No. 35. The exhibit is a memorandum describing the internal investigation conducted by Defendant's counsel that led to the termination of Plaintiff's employment. ECF No. 36-2 (the "Memo"). The Memo was produced pursuant to a stipulation wherein Defendant made a limited waiver of attorney-client privilege. ECF No. 41-1 at 2-4 (the "Stipulation").

       The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (citation omitted). Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (citation omitted). Third, courts balance the presumption of judicial access against

"competing considerations against it," such as privacy interests or the confidentiality of business records.  *Id.* at 120 (citation omitted).

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'"  *Id.* (citation omitted).  "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness."  *Id.* (citation omitted).  Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* (cleaned up).

Yet the Second Circuit has held that "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment."  *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (citation omitted).  Accordingly, "while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings."  *Id.*

The motion to seal appropriately seeks to protect information that would otherwise be protected by the attorney-client privilege, that was produced to Defendant pursuant to a Stipulation intended to otherwise preserve the confidentiality of the document.  The Court finds that, in this instance, the interest in protecting privileged information outweighs the qualified

2

First Amendment presumption of public access.  The motion to seal Exhibit B to the motion to compel is therefore GRANTED.

SO ORDERED.

Dated: April 14, 2026
      New York, New York

                                  JEANNETTE A. VARGAS
                                  United States District Judge

3